IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JESSE PEETZ,** | ) | Case No. 8:10CV297 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JOINT PROTECTIVE** |
| | ) | **ORDER CONCERNING** |
| **GENENTECH, INC.,** a California | ) | **CONFIDENTIALITY** |
| corporation; **BIOGEN IDEC INC.,** a | ) | |
| Massachusetts corporation; and **DOES** | ) | |
| **1 - 25**, residents of California, | ) | |
| | ) | |
| Defendants. | ) | |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Jesse Peetz (the "Plaintiff") and Defendants Genentech, Inc. and Biogen Idec Inc. (the "Defendants") that the following Stipulated Protective Order ("Protective Order") should be entered by the Court:

**1.      Selected Definitions.**

1.1      Discovery Material:  All items or information that are produced in disclosures or responses to discovery.  Discovery Material includes the record of any oral or written testimony given at any deposition, pre-trial evidentiary hearing, trial or evidentiary proceeding in this action, as well as all documents or other materials produced, and any copies, abstracts, excerpts, analyses, summaries or other materials which contain, reflect or disclose any such testimony, documents, other materials or information.  Any designation by any Party of materials referred to or introduced at any hearing, trial or other proceeding as Discovery Material shall be binding under this Order unless the Court presiding over such hearing, trial or other proceeding determines that such materials may not be so designated.  If a Party seeks to challenge the designation of any Discovery Material, it may do so by motion, but will take reasonable efforts in presenting the Motion to preserve confidentiality pending the Court's ruling, including filing the material in a sealed envelope and requesting review *in camera*.

1.2     Document or Documents:  Shall have the broadest meaning permitted under Federal Rules of Civil Procedure 26 and 34.

1.3     Designated Material:  Any Discovery Material that constitutes, reflects or discloses Trade Secrets or other proprietary or confidential research, development, technical, financial, or commercial information, any medical record of Jesse Peetz, or any other medical, psychological, or psychiatric record of Jesse Peetz.  Designated Material is either CONFIDENTIAL Material or HIGHLY CONFIDENTIAL Material.  Any copies, abstracts, excerpts, analyses, summaries or other materials that contain, reflect or disclose information contained in Designated Material shall themselves be Designated Material and marked with the same designation as the underlying material.

1.4     CONFIDENTIAL:  Designated Material that is non-public and contains information the disclosure or further disclosure of which will result in clearly defined and serious injury to the Party seeking protection, including but not limited to, medical records of Jesse Peetz, other medical, psychological, or psychiatric records of Jesse Peetz, or any information contained in such records, whether produced by the Plaintiff or by any non-party, subject to protection in accordance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

1.5     HIGHLY CONFIDENTIAL:  Designated Material that constitutes a Trade Secret or Designated Material that is non-public and consists of extremely confidential and sensitive material, including but not limited to Documents relating to the chemistry, manufacturing, and controls of the Defendants' products.

1.6     Trade Secrets:  Anything tangible or intangible, or electronically kept or stored, that constitutes, represents, evidences, or records a secret scientific, technical, merchandising, production or management information, design, process, procedure, formula, invention, or improvement.

      1.7    <u>Party</u>: Either the Plaintiff or the Defendants, singly.

      1.8    <u>Parties</u>: The Plaintiff and the Defendants, collectively.

      1.9    <u>Receiving Party</u>:  A Party that receives Discovery Material.

      1.10    <u>Producing Party</u>:  A Party that produces Discovery Material.

      1.11    <u>Designating Party</u>:  A Party that designates information, Documents, or items that it produces as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

      1.12    <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to serve as an expert witness or as a consultant.

      1.13    <u>Professional Vendors</u>:  Persons or entities that provide litigation support services for purposes of this specific litigation (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

      1.14    <u>Final Termination of this Action</u>:  The date of:  (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal following a final order disposing of this case.

    **2.**    **Scope of Protection.**

      2.1    <u>Purpose</u>.  Documents to be produced by the Parties may disclose confidential and proprietary business, personal, and financial information.  This Protective Order is therefore entered into pursuant to Federal Rule of Civil Procedure 26(c) to protect against unauthorized disclosure or use of such information.

      2.2    Nothing contained in this Protective Order shall be construed in any way to control the use, dissemination, publication, or disposition by any Party of Documents or information received at any time by any Party outside the discovery process in this action.

2.3     Generally.  This Protective Order shall govern all Discovery Material, and shall govern all Documents produced by the Parties in this case, including all copies, excerpts, and summaries thereof or materials derived therefrom, except the following shall not be subject to the Protective Order:

(a)     Documents in the public domain;

(b)     Documents in a Party's rightful and lawful possession, including without limitation documents disclosed to the Receiving Party without an obligation of confidentiality by someone not a Party to this action who the Receiving Party believes in good faith was in lawful possession of such documents; and

(c)     Documents obtained from a third-party that the third-party has the right to possess and disclose, provided the Receiving Party is in lawful possession of such Documents and not under a contractual obligation of confidentiality with respect to the disclosure of such Documents.

2.4     Applies to All Parties.  The provisions of this Protective Order shall apply to the Parties and their officers, directors, employees, attorneys, experts, consultants, independent contractors and agents.

**3.     Designation.**

3.1     Right to Designate.  Each Party shall have the right to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL any Discovery Material meeting the definitions set forth in Paragraphs 1.4, 1.5 and/or 1.6.  However, each Party shall use good faith efforts to properly designate only Discovery Material containing information that is CONFIDENTIAL or HIGHLY CONFIDENTIAL.

3.2     Responses to Interrogatories or Requests for Admissions and the information contained therein.  The Designating Party may place a CONFIDENTIAL or HIGHLY CONFIDENTIAL legend on any page of any set of responses to interrogatories or requests for admissions containing information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

3.3     Related Documents.  Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall include: (a) all Documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such Documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such Documents, copies, extracts, or summaries; and (d) testimony taken in a deposition, hearing, or other proceeding that is designated in accordance with Paragraph 3.3(b).

3.4     Manner and Timing of Designations

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings).  All Designated Material shall bear a legend on each page stating that the material is CONFIDENTIAL or HIGHLY CONFIDENTIAL.  All Designated Material shall be marked before being sent to any Receiving Party, or if inadvertently produced without such legend, by furnishing written notice to the Receiving Party (within 45 days after the Producing Party has sent such inadvertently produced information to the Receiving Party) that the information shall be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order.

(b)     For testimony given in deposition or in other pretrial or trial proceedings.  A Party's counsel may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  A Party's counsel may also invoke on the record (before the deposition or proceeding is concluded) a right to have up to ten (10) days after receipt of a deposition or hearing transcript to identify specific portions of the testimony as to which protection is sought.  Each transcript in its entirety shall be treated as having been designated HIGHLY CONFIDENTIAL, until the expiration of this ten (10) day review period, and neither the transcript nor the content of any testimony shall be disclosed by a non-Designating Party to persons other than those persons approved according to Paragraph 4.5.

Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL as instructed by the Party.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>. The Producing Party shall affix in a prominent place on the exterior of the container in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

3.5 <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not, standing alone, waive the Designating Party's right to secure protection for such material. If material is appropriately designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL after the material was initially produced, the Receiving Party, on timely notification of the designation (within 45 days after the Producing Party has sent such information to the Receiving Party absent designation), must treat the material in accordance with this Protective Order including retrieving all copies and excerpts of any re-designated Discovery Material from persons not entitled to receive it.

4. **Limit on Use and Disclosure of Designated Material.**

4.1 <u>Basic Principles</u>.

(a) No person shall use Designated Material for purposes other than the prosecution or defense of this action.

(b) <u>Disclosure of Party's Own Documents</u>. A Party or non-party may disclose its own Designated Material to any person as it deems appropriate.

(c) The attorneys of record for the Parties and other persons receiving Designated Material shall exercise reasonable care to ensure that the Designated Material is: (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons.

6

(d) It is, however, understood that counsel for a Party may give advice and opinions to his or her client based on his or her evaluation of Designated Material, provided that such rendering of advice and opinions shall not reveal the content of HIGHLY CONFIDENTIAL information except by prior written agreement with counsel for the Producing Party.

(e) Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2 <u>Disclosure of Confidential Material</u>. Except to the extent disclosed at any stage of the action in court or by judicial decision, all CONFIDENTIAL Material subject to this Protective Order shall be kept in a confidential manner and may be disclosed to and among the following persons only:

(a) The attorneys of record and employees under their supervision working on this litigation;

(b) Any person not employed by a Party who is expressly retained or consulted by the Party or by an attorney described in Paragraph 4.2(a) above to assist in this litigation, including any consulting or testifying experts;

(c) The Parties;

(d) Any director, officer, or employee of a Party who in the normal course of business would have access to the CONFIDENTIAL Materials;

(e) Any employee of a Party who is required by such Party to work directly on this litigation, but only in connection with such work;

(f) Any person of whom testimony is taken or may be taken in this litigation, except that such a person may only see and retain copies of CONFIDENTIAL Material during his testimony, in preparation therefore, or in discussions of possible testimony, and may not thereafter retain any CONFIDENTIAL Material;

(g) The Court, and any members of its staff to whom it is necessary to disclose CONFIDENTIAL Material for the purpose of assisting the Court in this litigation;

(h) Stenographic employees, videographers, or court reporters recording or transcribing testimony for this litigation; and

(i) Professional Vendors, Frosty Peetz, and Nancy Peetz.

4.3 Any person who makes any disclosure of CONFIDENTIAL Material permitted under Paragraph 4.2 above shall advise each person to whom such disclosure is made concerning the terms of this Protective Order and shall at the conclusion of this litigation obtain from each such person the return of the CONFIDENTIAL Material and all copies thereof in accordance with Paragraph 9, below. The Court and all court personnel shall be exempt from the requirements of this provision.

4.4 Copies and extracts of CONFIDENTIAL Material may be made by or for persons qualified to see such CONFIDENTIAL Material or by a Professional Vendor retained for that purpose, provided that all copies and extracts are appropriately marked. Copies of CONFIDENTIAL Material shall be made only when reasonably necessary to prepare work product or conduct proceedings in this litigation. Copies of CONFIDENTIAL Material, and the documents prepared by an expert or consultant that incorporate or reveal CONFIDENTIAL Material, shall be subject to the same treatment hereunder as are the original documents or information produced.

4.5 Disclosure of HIGHLY CONFIDENTIAL Material. Discovery Material designated HIGHLY CONFIDENTIAL shall not be given, shown, disclosed or made available in any way to any person other than those categories of individuals listed in Paragraphs 4.2(a), (b), (g), (h), and (i).

(a) Agreement of Confidentiality. Except for the individuals listed in Paragraphs 4.2(a), (b), (g), and (h), all other persons to whom HIGHLY CONFIDENTIAL Material is disclosed shall be informed of and agree to be bound by the terms of this Protective Order. Prior to disclosure of HIGHLY CONFIDENTIAL Material to any such person, the

8

person shall execute a written acknowledgment, substantially in the form of Exhibit A annexed hereto. Prior to dissemination by a Receiving Party of any HIGHLY CONFIDENTIAL Material to any such person, the Disseminating Party shall obtain and maintain a copy of this Protective Order and Agreement evidencing that such person has executed the undertaking set out above.

(b) <u>Duty to Notify Regarding Inappropriate Disclosure</u>. If HIGHLY CONFIDENTIAL Material is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party of all pertinent facts relating to such disclosures and retrieve the Designated Material and prevent disclosure by each unauthorized person who received such information.

(c) <u>Proposed Disclosures To Unauthorized Persons</u>. In the event that a Party deems it necessary to disclose any HIGHLY CONFIDENTIAL Material to any person not specified in Paragraphs 4.2(a), (b), (g), (h), and (i) (the "Proposed Disclosure"), that Party shall notify counsel for the Producing Party in writing of: (a) the Designated Material sought to be disclosed; and (b) the person(s) to whom such disclosure is to be made. The Proposed Disclosure shall not be made absent written permission of the Producing Party, unless the Party wishing to disclose, after reasonable notice, obtains an Order from the Court presiding over the action permitting the Proposed Disclosure. The Producing Party shall not unreasonably refuse to grant such permission, and shall respond in writing to any Proposed Disclosure within ten (10) business days of its receipt of a Proposed Disclosure. If the Producing Party objects to the proposed disclosure, the parties shall meet and confer within ten (10) business days of receipt of such objection and make a good faith effort to resolve the disagreement. Counsel shall obtain from all persons to whom disclosures are made pursuant to this Paragraph a written acknowledgment, substantially in the form of Exhibit A annexed hereto.

5. **Documents Filed Under Seal.**

Designated Material, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.

The Party filing any paper which reflects or includes any Designated Material shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the Party filing the materials, the nature of the materials filed, the appropriate legend (CONFIDENTIAL or HIGHLY CONFIDENTIAL), and a statement substantially in the following form, in bold-face, large-type font:

> This envelope (or container) is sealed pursuant to order of the Court and contains confidential information filed in this action and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in this action or by court order pursuant to stipulation of the producing party or parties to this action. Any person or party found to have compromised the confidentiality of such confidential information shall be subject to sanctions imposed by the Court.

**6.      Challenge To Confidentiality.**

      6.1      <u>Generally</u>.  This Protective Order shall not preclude any Party from seeking such additional protection with respect to the confidentiality of documents or other Discovery Materials.  Nor shall any Party be precluded from: (a) claiming that any Designated Material is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order; or (c) applying for an order modifying this Protective Order.  No Party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

      6.2      <u>Procedure for Challenges</u>.  At any time, the Receiving Party may notify the Designating Party, in writing, of its objection to the designation applied to any Designated Material.  In the event that there is a disagreement as to whether the material has been properly designated, the following procedure shall be utilized:

           (a)      <u>Meet and Confer</u>.  The Parties shall meet and confer within ten (10) business days of receipt of such objection and make a good faith effort to resolve the disagreement.

     (b) <u>Judicial Resolution</u>.  If such negotiation fails to resolve the dispute, the Receiving Party shall have the burden of moving the Court for an order terminating the designation.  Designated Material shall retain its CONFIDENTIAL or HIGHLY CONFIDENTIAL status until such time as:  (1) the Parties expressly agree otherwise in writing; or (2) this Court enters an order reclassifying such material or stripping it of its CONFIDENTIAL or HIGHLY CONFIDENTIAL status, and the time to seek review of such order has expired, no appeal having been taken; or in the event review is sought, this Court or an appellate court has completed its review and rendered a final decision on the matter.

**7.** **Discovery Material Subject to Confidentiality Agreement with Third-Party.**

  A Party may be requested to produce to another Party Discovery Material subject to contractual or other obligations of confidentiality owed to a non-party.  The Party subject to such contractual or other obligation of confidentiality shall promptly contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Protective Order.  If the non-party is willing to permit disclosure, the documents shall be produced in accordance with this Protective Order.  If the non-party is not willing to permit disclosure, the Requesting Party shall be notified and any documents withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the person to whom the obligation of confidentiality is owed.  This Protective Order shall not preclude any Party from moving the Court for an order compelling production of such material.

**8.** **Inadvertent Disclosure of Work Product or Privileged Information:  Procedure and Waiver.**

  The Producing Party must take reasonable steps to prevent inadvertent disclosure of information, Documents, or items subject to claims of protection under the attorney-client privilege, work product doctrine, or other doctrines or privileges of nondisclosure ("assertedly privileged material").  Even with reasonable preventative measures, production of documents may result in inadvertent disclosure of assertedly privileged materials.  Within 45 days after the

11

Producing Party actually learns of an inadvertent disclosure, the Producing Party may notify in writing the Receiving Party that said production was inadvertent and demand the return of the assertedly privileged material.  On such timely demand, the Receiving Party must retrieve and return all copies of such information, Documents and/or things to the Producing Party within 5 business days of receipt of such notice and may not further disclose or use the information contained in such items for any purpose, other than in connection with the service or filing of a motion seeking a ruling of the Court as to whether the materials at issue are protected by privilege and should be returned to the Producing Party.  If a Party seeks to challenge the claimed privileged status of any document(s), it shall use reasonable efforts in presenting the motion to preserve the confidentiality of the document(s) pending a ruling by the Court, including filing the document(s) in a sealed envelope and seeking review *in camera*.  If the Producing Party demands the return of the assertedly privileged material within this 45-day grace period, the disclosure of the assertedly privileged material must be deemed inadvertent.  If the Receiving Party disputes in Court whether an inadvertently-produced Document is privileged, the Receiving Party may not utilize in the litigation, or disclose to any third-party the inadvertently-produced Document pending a ruling from the Court on the question.  After the 45-day grace period, any demand for return of inadvertently produced assertedly privileged material will be governed by the procedures and standards of the applicable case law.

       **9.**    **Return of Designated Material.**

          9.1    <u>Duty to Return Designated Material</u>. Inadvertent disclosures will be governed by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

          9.2    <u>Duration</u>.  After Final Termination of this Action, the restrictions on the communication and/or disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Material was disclosed.  The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

10. **Violation of Protective Order.**

In the event of a proven violation of this Protective Order by any of the Parties in this action or others designated in Paragraph 4 above, all Parties acknowledge that the offending Party or persons may be subject to sanctions determined in the discretion of this Court.

11. **Conflict With Prior Agreements or Local Rules.**

To the extent the terms of this Protective Order conflict with any Local Rule or with any agreements between the Parties regarding the confidentiality of particular Documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern.

12. **Waiver, Modification and Termination.**

For good cause, any Party may seek a modification of this Protective Order first by attempting to obtain the consent of every other Party to such modification, and then, absent consent, by application to this Court.

No part of the restrictions imposed by this Protective Order may be modified, waived or terminated, except by written stipulation executed by counsel of record for each Designating Party, or by an order of the Court.

13. **Miscellaneous.**

Entering into, agreeing to, producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any Party that any Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by any other person contains or reflects trade secrets or any type of confidential information;

(b) reduce in any way the rights of the Parties from whom discovery may be sought to object to requests for discovery or to the production of documents that they consider not subject to or privileged from discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular Designated Material;

    (c) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Document, testimony or other evidence that is subject to this Protective Order;

    (d) prejudice in any way the rights of a Party to seek a determination by the Court whether any Designated Material should be subject to the terms of this Protective Order;

    (e) prejudice in any way the rights of a Party to petition the Court to amend this Protective Order or enter a further order relating to any Designated Material or other Discovery Material; or

    (f) prevent the Parties from agreeing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular Designated Material or other Discovery Material.

    (g) preclude any Party from disclosing Designated Material to the United States Food and Drug Administration ("FDA") or other governmental authority pursuant to applicable FDA rules and regulations or other applicable law.

  IT IS SO ORDERED.

  DATED this 5th day of December, 2011.

                BY THE COURT:

                 s/ Thomas D. Thalken
                United States Magistrate Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JESSE PEETZ,** | ) | Case No. 8:10-cv-297 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **GENENTECH, INC.,** a California corporation; **BIOGEN IDEC INC.,** a Massachusetts corporation; and **DOES 1 - 25**, residents of California, | ) ) ) ) | |
| Defendants. | ) | |

I have read and am fully familiar with the terms of the Protective Order entered on _____, 2011 in the above-captioned litigation.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I agree that I shall not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I agree to submit to the jurisdiction of the United States District Court of Nebraska, for the purpose of ensuring compliance with this stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare the foregoing under penalty of perjury.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                 [signature]