IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE PEETZ,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>GENENTECH, INC., a California corporation;  BIOGEN IDEC, INC., a Massachusetts corporation; and  DOES 1-25, residents of California;<br><br>　　　　　　　Defendants. | 8:10CV297<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on the Motion to Quash and/or Motion for Protective Order filed by Defendant Genentech, Inc. ("Genentech"), (Filing No. 101). For the reasons discussed below, the motion will be granted in part and denied in part.[1]

BACKGROUND

  Plaintiff filed this products liability suit against the named defendants, alleging the prolonged use of the pharmaceutical drug Rituxan to treat his thrombotic thrombocytopenia purpura ("TTP") suppressed his immune system and as a result, he contracted a viral infection which rendered him a "ventilator-dependent flaccid quadriplegic." (Filing No. 1, ¶12, at CM/ECF p. 4). The treatment of TTP with Rituxan was an off-label use of drug. Plaintiff asserts causes of action based on negligence, a manufacturing defect, failure to warn, and breach of warranty. (Filing No. 1). Discovery has commenced and the plaintiff has noticed several depositions under Fed. R. Civ. P. 30(b)(6) seeking information about various aspects of Genentech's business. (See Filing Nos. 87-97).

---

[1] The parties are hereby advised the court reviewed Mutual Pharmaceutical Co., Inc. v. Bartlett, 133 S.Ct. 2466 (June 24, 2013), which was entered after this motion was fully submitted, and concluded additional briefing for the issues presented herein was unnecessary.

Genentech seeks to quash three of the notices. Specifically the contested notices request Genentech to produce the individuals most knowledgeable:

In the subject matter of all methods of marketing of Rituxan, (Filing No. 93);

In the subject matter of Defendants' use of medical science advisors for Rituxan, (Filing No. 94); and

In the subject matter of Defendants' compensation to physicians for writing, speaking, preparing posters or otherwise recommending the use of Rituxan, (Filing No. 95).

Genentech has objected to the notices of depositions arguing the plaintiff seeks information not relevant to this case, and the requests are overly broad, unduly burdensome, and duplicative of other Rule 30(b)(6) depositions noticed in this case.

## ANALYSIS

"Generally, parties may obtain discovery regarding any unprivileged matter so long as it is relevant to the subject matter of the pending action." McGowan v. General Dynamics, Corp., 794 F.2d 361, 363 (8th Cir. 1986). Relevancy, for the purposes of discovery, encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). However, the party seeking discovery must make a threshold showing that the requested information or documents are relevant to the plaintiff's actual claims or defenses. In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1193 (10th Cir. 2009); Moses v. Halsted, 236 F.R.D. 667, 671 (D. Kan. 2006). Once the requesting party meets the threshold relevance burden, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or

answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing to bear that burden." Continental Ill. Nat'l Bank & Trust Co. Of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991). In addition, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 599 (1998).

Undue Burden

"The fact that production of documents would be burdensome and expensive and would hamper a party's business operation is not a reason for refusing to order production of relevant documents." Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 610 (D. Neb. 2001) (internal citations omitted). The standard is whether the burden or expense is "undue" and whether the "hardship is unreasonable in the light of the benefits to be secured from the discovery." Id. (quoting Wright, Miller & Marcus, Federal Practice and Procedure § 2214, p. 435 (1994)). A party claiming requests are unduly burdensome cannot rely on mere conclusory allegations, but must provide some evidence regarding the time or expense required. See Horizon Holdings, L.L.C. v. Genmar Holdings, Inc., 209 F.R.D. 208, 213 (D. Kan. 2002).

The defendant has not provided any evidence regarding time or expense necessary for the preparation or presentation of a 30(b)(6) deponent able to testify over the disputed topics. Accordingly, Genentech's objection based on undue burden is overruled.

Relevance and Overly broad

There is no dispute that Peetz's physician did not rely upon direct representations made to her by Genentech when she prescribed Rituxan to treat Peetz. However, Plaintiff alleges that all of Defendants' marketing efforts – whether the marketing reached Peetz'

3

physician or not – may be relevant because those efforts speak to the field of knowledge regarding Rituxan which may have ultimately influenced the general medical community and led to the use of Rituxan to treat Peetz' TTP.

Peetz' position is not without some support, particularly as to his claims based on negligence.  See, e.g., Smith v. Pfizer, Inc., 714 F. Supp. 2d 845, 854-55 (M.D. Tenn. 2010) (holding the coordinated marketing efforts of a pharmaceutical company may bear on the foreseeability of the off-label use and whether the pharmaceutical company's safety testing for off label uses was reasonable). While the court finds some merit to Peetz' argument that exploring these areas could reasonably lead to admissible evidence regarding the use and treatment of TTP with Rituxan, his Rule 30(b)(6) requests seek information beyond that use.  The plaintiff has not shown how Genentech's general marketing practices, general use of medical science advisors, or general compensation of physicians regarding Rituxan – unrelated to its use of treating TTP – are in any way relevant to his claims.  To the extent Plaintiff seeks information on the disputed 30(b)(6) topics beyond the off-label use of Rituxan to treat TTP, Genentech's motion for a protective order is granted.

<u>Duplication</u>

Genentech also argues the disputed deposition notices seek duplicative information because they have already agreed to provide a 30(b)(6) representative who is most knowledgeable in the subject matter of publications regarding Rituxan.  Having found exploration of some of the defendants marketing practices may produce admissible evidence, and further noting that "marketing" and "publications" do not necessarily involve the same types of materials and information, the court overrules Genentech's objections that the requests are duplicative.

IT IS ORDERED, Defendants' Motion to Quash And/Or Motion for a Protective Order, (Filing No. 101), is granted in part and denied in part. Genentech shall produce representatives in accordance with the contested Rule 30(b)(6) Notices of Depositions. However, each of the three contested Rule 30(b)(6) topics at issue in Genentech's motion is limited in scope to the use of Rituxan to treat TTP.

Dated this 22nd day of July, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.