IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FORREST F. PEETZ, as Personal Representative for the Estate of Jesse Robert Peetz, Deceased, | 8:10-CV-297 |
| Plaintiff, | |
| vs. | ORDER |
| GENENTECH, INC., a California corporation, et al., | |
| Defendants. | |

This matter is before the Court on the Defendants' Motion for Extension of Deadline to File Stipulation of Dismissal (filing 153)[1] and the Plaintiff's Objection (filing 156) to that motion. The Court will grant the defendants' motion and overrule the plaintiff's objection. But not without some reservations, and an explanation.

To begin with, it would have been helpful had counsel presented arguments based on citations to legal authority, instead of casting aspersions on one another's conduct. Nonetheless, the Court has done the parties' homework for them, and satisfied itself that the agreement already reached by the parties is almost certainly binding, despite their failure to execute a final, comprehensive written agreement. A settlement agreement is subject to the general principles of contract law and is enforceable under the same principles as other contracts, and no particular form of agreement and no writing is ordinarily essential to a valid compromise. *Omaha Nat. Bank v. Mullenax*, 320 N.W.2d 755, 758 (Neb. 1982). And where a contract does not involve personal skill or taste, it may be enforced by a party's heir or estate. *See Hasemann v. Hasemann*, 203 N.W.2d 100, 102 (Neb. 1972); *see also, Wilhelm v. Chain*, 300 U.S. 31, 35-36 (1937); *Wilson v. Fieldgrove*, 787 N.W.2d 707, 711-12 (Neb. 2010).

Accordingly, to the extent that the settlement agreement already reached in principle by the parties in this case would have been enforceable

---

[1] Although the defendants' motion includes the plaintiff's signature block at the bottom, defendants' counsel has advised the Court that it was accidentally copied from a previous joint motion, and its inclusion here was inadvertent. This is obviously not a joint motion.

by the decedent, were he alive, it is enforceable by the decedent's estate after his death. *See, e.g., Daly v. Chicago & Nw. Ry. Co.*, 114 N.W.2d 682, 684-85 (Minn. 1962); *compare Washington v. Caseyville Health Care Ass'n, Inc.*, 672 N.E.2d 34, 35-36 (Ill. App. 1996) (enforceable settlement not reached before plaintiff's death); *see also In re Donovan's Case*, 791 N.E.2d 388, 390-91 (Mass. App. 2003) (defendant estopped from denying settlement where decedent already executed release of claim). The Court therefore has some basis to question the defendants' implication that the agreement they have already reached might need a significant overhaul.

That said, without a clear understanding of the terms of the proposed final agreement, it is difficult to know the extent to which those terms might need to be modified to reflect the substitution of parties. This is, again, a point on which counsels' preoccupation with one another's behavior has left the Court uninformed. The Court understands that the terms of the settlement are confidential—but if necessary, they could have been filed as restricted documents, or even under seal. As it stands, however, the parties are making cross-assertions about how much effort will or will not be required to revise their final, written agreement—but they have provided the Court with no factual basis to resolve that disagreement.

That is not to say that the Court is inviting further filings. Quite the contrary. The Court notes that both sides agree on the need for an extension of the dismissal papers deadline—they simply disagree about how long that extension needs to be. This is, in fairness, an unusual and somewhat complicated situation, so the Court is willing to assume for the time being that the defendants' concerns about the details of the settlement are, if not all well-founded, at least presented in good faith. Therefore, the Court will grant the defendants' motion for a 30-day extension of the dismissal papers deadline, and overrule the plaintiff's objection to the contrary.

But to be clear: 30 days should be more than enough time to get this done. The Court <u>expects</u> that counsel will be able to conduct themselves graciously—or, at least, professionally—and conclude these proceedings to the benefit of their clients, without taking up more of the Court's time.

IT IS ORDERED:

1.   The Defendants' Motion for Extension of Deadline to File Stipulation of Dismissal (filing 153) is granted.

2.   The Plaintiff's Objection (filing 156) is overruled.

3.      On or before **August 13, 2014**, the parties shall file a joint stipulation for dismissal, or other dispositive stipulation, together with submitting to the undersigned judge a draft order which will fully dispose of the case.

4.      The Clerk of the Court shall set a dismissal papers deadline of **August 13, 2014**.

Dated this 15th day of July, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge